[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 I PROCEDURAL HISTORY CT Page 10551
Petitioner, a sentenced prisoner, filed this amended petition for writ of habeas corpus alleging that he was improperly classified as a Security Risk Group Safety Threat Member following his receipt of one disciplinary report. In his petition, the petitioner alleged that procedural failures occurred during his disciplinary process, as follows:
 1. Petitioner's designated advocate failed to bring the requested witnesses to the disciplinary hearing;
2. Petitioner was not issued a protective housing order;
 3. Petitioner forfeited twelve hundred (1200) days of statutory good time credits without due process of law;
 4. Petitioner, as a result of his classification, was rendered ineligible to receive statutory good time credits while being so designated.
The respondent filed a return denying petitioner's allegation that his constitutional rights were violated. The matter was tried on July 12, 1999, and both sides were afforded the opportunity to file briefs by July 26, 1999. The petitioner filed a written document with cases in which he argued for the first time, that the Department of Correction failed to conduct his disciplinary hearing in a timely manner. This claim was not raised in his amended petition.
 II FACTS
The petitioner is a sentenced prisoner confined to the custody of the Commissioner of Correction pursuant to the following:
 A. Mittimus issued on November 30, 1995, in Docket No. CR95-165055 by the Superior Court, sentencing petitioner to three (3) years for violation of Connecticut General Statutes § 53a-60;
 B. Mittimus issued on August 17, 1990, in Docket No. 34136 by the Superior Court in Bridgeport, sentencing petitioner to fifty (50) years for violation of Connecticut General Statutes §§ 53a-54c, 29-35 and 29-37 (b). CT Page 10552
On or about December 8, 1997, petitioner received a disciplinary report for a Security Risk Group based upon confidential information which identified him as such. The report was investigated. Petitioner was assigned an advocate and was interviewed as part of the investigation. Petitioner, however, chose to waive his advocate and proceed in front of the hearing board himself.
On December 19, 1997, a disciplinary hearing was held in petitioner's presence. Petitioner pleaded "not guilty" to the charge of Security Risk Group Safety Threat Member. Following the disciplinary hearing, petitioner was found guilty of the charge. The finding of guilt was made after the testimony of several witnesses. All of the witnesses presented by the petitioner testified that they were not present at the time of the incident.
Sanctions were imposed upon the petitioner. These included designation as a Security Risk Group Safety Threat Member and the resulting inability to earn good time credits while so designated. The basis for the sanctions was to deter the petitioner from further incidents of misbehavior.
On or about December 19, 1997, the petitioner was notified of the decision to designate him a Security Risk Group Safety Threat Member. This designation is subject to annual review. Petitioner's designation has been reviewed and he remains designated a Security Risk Group Safety Threat Member.
 III LAW
Prison officials are accorded great deference in matters of prison security. Bell v. Wolfish, 441 U.S. 520, 548,99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979). The standards for due process at a prison disciplinary hearing have been set forth by the U.S. Supreme Court in Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Wolffcourt held that due process requires at least one of the following:
 1. Written notice of the claimed violation in advance of the hearing;
 2. A written statement of the fact-finder as evidence relied upon CT Page 10553 at the hearing and the reasons for the disciplinary action taken;
 3. The inmate be permitted to call witnesses and present evidence in his defense when it will not be unduly hazardous to institutional safety or correctional goals.
Id., 418 U.S. 564-66; see also McKinnon v. Patterson,568 F.2d 930 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact."SuperintendentMassachusetts Correctional Institution at Walpole v. Hill,472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).
In the instant case, the petitioner was provided with advance written notice of his hearing, the opportunity to have an advocate, an opportunity to call witnesses, and a written summary of the evidence relied upon at his hearing. The Disciplinary Committee based its findings in this matter upon evidence which clearly met the evidentiary standard required by "Hill. Further, the procedural safeguards satisfy the criteria in Wolff.
The petitioner's claim that his hearing was not held in a timely manner is without merit. The respondent produced testimony to the effect that the hearing was timely. Assuming, arguendo, that it was not timely, it has long been held that state procedures do not create substantive federal rights. Cofone v.Manson, 594 F.2d 934, 938 (2d Cir. 1979). The petitioner's claims do not rise to the level of a constitutional claim and are, therefore, not cognizable in a habeas action. The respondent provided the petitioner with all of the due process requirements set forth by the United States Supreme Court, and petitioner is, therefore, not entitled to the relief he seeks.
The Commissioner of Correction has discretion to classify prisoners to any security level, and a prisoner's challenge to his classification fails to raise any claim of statutory or constitutional dimension. Wheway v. Warden, 215 Conn. 418, 430-32
(1990). There is no constitutionally mandated liberty interest entitling a prisoner to receive a particular security classification within prison. Hewitt v. Helms, 459 U.S. 460, 468
(1983). The fact that the petitioner was classified in a particular way to which he is opposed is of no constitutional consequence. "Thus, because § 18-7a(c) does not require the CT Page 10554 commissioner to award good time credits, that section cannot create a liberty interest on which the petitioner may predicate habeas corpus relief."Abed v. Commissioner of Correction, 43
Conn. App. 176, 180-81 (1996). Thus, the petitioner cannot claim that his classification as a Security Risk Group Safety Threat Member and placement in the Close Custody Segregation Unit states a legally cognizable claim because he is unable to earn "good time" while so classified.
 IV CONCLUSION
For the foregoing reasons, the petition for habeas corpus relief is denied, and the petition is dismissed.
Eveleigh, J.